

Federal Communications Commission
Office of General Counsel—Litigation Division
45 L Street NE • Washington, DC 20554
Tel: (202) 418-1740 • Fax: (202) 418-2819

February 7, 2025

Honorable Lyle W. Cayce, Clerk of Court
U.S. Court of Appeals for the Fifth Circuit
600 S. Maestri Place, Suite 115
New Orleans, LA 70130-3408

Re:     *AT&T Inc. v. FCC et al.*, No. 24-60223

Dear Mr. W. Cayce:

At oral argument, the Court asked Respondents' counsel about the relevance of *Meeker v. Lehigh Valley R. Co.*, 236 U.S. 412 (1915), which was not cited in the parties' briefs. Having reviewed that decision, we write to clarify Respondents' understanding of the case.

In *Meeker*, the Supreme Court held in relevant part that a statutory provision requiring courts to treat findings and orders of the Interstate Commerce Commission as "prima facie evidence of the facts therein stated" did not violate the Seventh Amendment. 236 U.S. at 430. That conclusion supports Respondents' position that Congress may, consistent with the Seventh Amendment, channel jurisdiction over AT&T's legal claims to the Court of Appeals, even where doing so would subject any factual challenge to a more deferential standard of review. *See* Resp. Br. 23–24 & n.2.

The Supreme Court in *Meeker* did not address—and the parties did not appear to raise—whether Congress could have had assigned the underlying matter exclusively to the Interstate Commerce Commission so as to fall within the public rights exception to the Seventh Amendment. In *Jarkesy*, the Supreme Court explained that exception applies to "matters [that] 'historically could have been determined exclusively by [the executive and legislative] branches,' even when they were 'presented in such form that the judicial power [wa]s capable of acting on them.'" *Sec. & Exch. Comm'n v. Jarkesy*, 603 U.S. 109, 128 (2024) (citations omitted). As laid out in Respondents' brief, Resp. Br. 32–33, the Supreme Court in *Jarkesy*, 603 U.S. at 130, relied on *Crowell v. Benson*, which post-dates *Meeker* and made clear that "[f]amiliar illustrations of administrative agencies created for the determination of [public rights]" included the Interstate Commerce Commission and the Postmaster General, predecessors to the FCC. *See* Resp. Br. 32–33 (quoting

285 U.S. 22, 51 (1932)).  Nothing in *Meeker* suggests that the public rights exception cannot apply to administrative agencies' oversight of common carriers.  At most, *Meeker* merely provides one example of a matter "presented in such form that the judicial power [wa]s capable of acting on [it]." *Jarkesy*, 603 U.S. at 128.

        Respectfully submitted,

        /s/  *Adam L. Sorensen*

        Adam Candeub
        *General Counsel*

        Jacob M. Lewis
        *Deputy General Counsel*

        Sarah E. Citrin
        *Deputy Associate General Counsel*

        Adam L. Sorensen
        *Counsel*

cc:     All Counsel (via CM/ECF)